IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Erin L. Mason,                                    3:20cv2013

        Plaintiff,

        v.                                         **ORDER**

Commissioner of Social Security,

        Defendant.

      This is an appeal from the denial of Social Security benefits. The Honorable Magistrate Judge Darrell A. Clay has issued a Report and Recommendation, recommending that I deny the plaintiff's petition. (Doc. 17). Plaintiff Erin L. Mason has filed an objection, (Doc. 18), to which the Commissioner of Social Security has filed a response, (Doc. 19).

      For the following reasons, I overrule plaintiff's objection, and I approve and adopt Magistrate Judge Clay's Report and Recommendation.

### Discussion

      Mason argues that the ALJ improperly characterized a report that her treating neurologist provided as not stating a medical opinion for purposes of 20 C.F.R. § 404.1513(a)(2). She also argues that the Administrative Law Judge ("ALJ") erred when she evaluated that report as inconsistent with Mason's treatment records.

      The parties dispute whether the medical statement submitted by Mason's treating neurologist, Dr. Gerald T. Riess, contains a medical opinion as that term is defined in § 404.1513(a)(2). It is not necessary, however, to resolve whether or to what extent Dr. Riess' statement contains medical opinions for statutory purposes. Even assuming, *arguendo*, that the

medical statement contains medical opinions, the ALJ reasonably concluded that statement that Mason suffered migraines more than once per week was unpersuasive.

Dr. Riess stated in his report that Mason experienced migraine headaches several times per week. (Doc. 13, pgID 1738). He concluded that: "[p]atient is on aggressive preventative treatments and cannot work on a regular basis." (*Id.*, pgID 1739).

The ALJ addressed Dr. Reiss' statement, concluding that "Dr. Riess' own treatment notes show that the claimant's headaches are under greater control than this opinion reflects." She noted as an example that "[t]he claimant's headaches were noted to have improved and were '"under acceptable control.'" (*Id.* pgID 93).

Magistrate Judge Clay noted that Mason's treatment records reflect the ALJ accurately stated that "by February 2019, Ms. Mason reported her headaches were acceptably controlled." (*Id.*, pgID 1788). He agreed with the ALJ that that report was not consistent with Dr. Riess' statement that Mason suffered migraines more than once each week.[1] (*Id.*).

Magistrate Judge Clay then examined the treatment records as a whole and summarized them as showing that "Ms. Mason experienced fluctuations in the severity of her headaches throughout the relevant period." (*Id.*). He summarized the relevant evidence as follows:

> In July 2018, Ms. Mason reported to her rheumatologist that her headaches had improved. (Tr. 27, 705). Ms. Mason reported the same to Dr. Riess in August 2018 and noted her more severe headaches responded to Maxalt. (Tr. 27, 1181). In September 2018, Dr. Riess noted Ms. Mason's symptoms of migraine headaches were well controlled and that he would maintain her current dose of medication. (Tr. 27, 1175). In December 2018 and January 2019,

---

[1] Mason accuses both the ALJ and the Magistrate Judge of basing their decisions that Dr. Riess' report was not consistent with his treatment records on "a single page" in Dr. Riess' treatment notes. (Doc. 18, pgID 1793). That accusation is not accurate. The ALJ noted the records of Mason's appointments with Dr. Riess at length in recounting the medical evidence. *See* (Doc. 18, pgID 88-91). The quoted language from the Magistrate Judge's Report and Recommendation *infra*, reflects that the Magistrate also considered Mason's entire medical records.

> Dr. Riess noted Ms. Mason's headaches were poorly controlled. (Tr. 27, 1151, 1163). By mid-February, Ms. Mason returned to Dr. Riess's office and reported her headaches had improved and her current medications, Pamelor and Topamax, were adequate treatment. (Tr. 28, 1139).

(*Id.*, pgID 1788-89).

Thus, the record presented evidence from which the ALJ could reasonably conclude that Mason's headaches were not as frequent as Dr. Riess reported. The determination of whether she could perform work despite her headaches - her residual functional capacity –is an "'administrative finding,' the decision of which is reserved to the Commissioner." *Funderburk v. Comm'r of Soc. Sec.*, No. 1:16-CV-1291, 2018 WL 1320368, at *4 (W.D. Mich.), *report and recommendation adopted*, No. 1:16-CV-1291, 2018 WL 1305762 (W.D. Mich.). "If [I] find the Commissioner's decision supported by substantial evidence, [I] must defer to that decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 667 (6th Cir. 2009) (quoting *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004)).

Here, despite the existence of some contrary evidence, substantial evidence in the record supported the ALJ's decision. Accordingly,

It is

ORDERED THAT:

1) Plaintiff's objection to the Report and Recommendation (Doc. 18) be, and the same hereby is, overruled;

2) The Report and Recommendation (Doc. 17) be, and the same hereby is, approved and adopted;

3) Plaintiff's request for review be, and the same hereby is, denied with prejudice; and

4) The Clerk of Court shall mark this matter closed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge